## F. A. Clegg & Company v. William B. Pell & Brother.

(Decided November 9, 1926.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Contracts—Plaintiffs, Applying Enamel to Radiators, Held Responsible for its Blistering, Only if Caused by Lack of Care in Application.—In action for agreed price of services in applying two coats of enamel to radiators, plaintiffs held responsible for blistering of enamel only in event that it was caused by lack of care and skill in applying it.

2. Appeal and Error—Instructions Making Plaintiffs Liable for Poor Workmanship and Imperfections in Enamel Applied to Radiators Held Not Ground for Complaint by Defendant.—In action for agreed price of services in applying two coats of enamel to radiators, instructions making plaintiffs answerable both for failure to apply enamel in workmanlike manner and for imperfections in enamel held not ground for complaint by defendant.

EUGENE R. ATTKISSON and CHARLES F. TAYLOR for appellant.

ALLEN P. DODD for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellants, F. A. Clegg & Company, contracted to install the heating plant in the Kentucky Baptist Hospital recently erected in Louisville, Kentucky, and, among other things, agreed to paint all radiators and exposed pipe with two coats of radiator enamel manufactured by Peaslee-Gaulbert Company of a color to match the decoration of the various rooms. After they installed the heating plant and without regard to the specifications as to the radiator enamel that should be used they covered the radiators with a coat of aluminum bronze. The architect who had supervision of the building called their attention to the fact that they were not complying with their contract and the specifications and demanded that they cover the radiators with the enamel specified. Appellee, William B. Pell & Brother, had the contract for the interior decoration of the building; and appellant thereupon contracted with appellee to apply the two coats of enamel specified to the radiators in the building. The evidence herein establishes, with nothing to the contrary, that appellee applied two coats of the enamel specified to all of the radiators and exposed pipe, adding

nothing to the specified enamel which they purchased in original packages except coloring matter necessary to obtain the required tints. It was applied by skilled painters, and nothing occurring while it was being applied and nothing in its appearance after it was applied indicated to the architect that it was being applied in any other than first-class, workmanlike manner. After the installation of the heating plant was complete and some two weeks after the enamel had been applied, the heating job was tested and steam for the first time was turned into the radiators. When they became hot blisters arose on all of them, so marring the finish as to require that all of it that had been applied to them be removed and that they be refinished to obtain the result contemplated by the contract. Appellant, insisting that the fault was in the work done by appellee, demanded that it refinish them. It declined to do so unless at the expense of appellant. Appellant thereupon proceeded to remove the previously applied finish from the radiators and to refinish them. Appellee demanded pay for applying the two coats of enamel. Appellant refused upon the ground that it was responsible for the damage and that the cost of removing the old and applying the new finish exceeded the agreed price it was to pay appellee for the work it had done. Thereupon appellee instituted this action to recover the agreed price for applying the two coats of enamel to the radiators. Appellant denied liability, and by counterclaim sought to recover the cost of removing the old and applying the new finish to the radiators, upon the theory that that was made necessary by appellee's negligence. The trial below resulted in a verdict for appellee, plaintiff below, for the full amount sought to be recovered. The appeal has been prosecuted from that judgment.

Under the evidence herein it seems possible to attribute the blistering of the finish on the radiators when the heat was turned in to three causes, for one of which appellant would be responsible, for one of which appellee would be responsible, and for one of which neither of them would be responsible. Appellee's theory was that it was caused by reason of appellant's failure to properly clean the radiators of rust, dirt and moisture before applying the coat of aluminum bronze; and the evidence for appellee supports that theory. His evidence from expert witnesses established that moisture impounded in rust or other foreign substance when covered over with

the coat of aluminum bronze and the two coats of enamel would expand by becoming heated when the steam was turned in and that the blisters were caused in that way. The evidence from his witnesses also tended to establish that such was the cause of the blistering of the finish, because they testified that when the blisters arose the coat of aluminum bronze and the two coats of enamel adhering together separated from the radiators. If that testimony establishes the true cause of the blistering of the finish then appellee would not be responsible for the damage, because nothing in the evidence of either appellant or appellee suggests that appellee by its contract assumed any responsibility for what appellant had done. The most that appellant contends for is that appellee, taking the radiators as he found them, agreed to apply two coats of the specified enamel to the satisfaction of the building committee and architect.

Appellant's theory is that nothing but the enamel applied to the radiators by appellee blistered when the steam was turned in; that the coat of aluminum bronze remained intact and that, therefore, appellee was responsible for the damage. Witnesses for it testified that the coat of aluminum bronze remained on the radiators intact and that when the blisters arose the enamel separated from the coat of aluminum bronze and left it intact. There is no evidence tending to establish that appellee did not apply the enamel to the radiators with due care and skill unless the fact that it blistered, and the testimony for appellant tending to establish that it was the enamel alone which blistered be taken as sufficient evidence of lack of care and skill in applying the enamel to authorize a submission of that question to the jury. Some of the evidence for appellant tended to establish that the enamel applied was not satisfactory finish for radiators. If that be accepted as the explanation of the blistering of the finish, neither appellant nor appellee was responsible, because the enamel applied was according to the undisputed testimony herein the exact kind, quality and brand specified to be applied. If the cause of the trouble lies in the enamel applied to the radiators then those contracting to have it applied who specified that it should be used were responsible for the damage, and neither appellant nor appellee could be held answerable for it. Assuming, but not deciding, that the mere fact that the finish on the radiators blistered, in view of the uncontradicted evidence that the enamel was

applied by skilled painters in a workmanlike manner, coupled with the evidence for appellant, which tends to establish that only the enamel blistered, and that the coat of aluminum bronze which it had put on remained intact, is sufficient to take this case to the jury upon the theory that lack of care and skill upon the part of appellee in applying the enamel might be found by the jury to be the cause of the damage, that is the only possible feature of the case which under its facts appellant was entitled to have submitted to the jury. If the enamel applied because of its imperfections or unsuitableness caused the blisters, neither appellant nor appellee was responsible for the ensuing damage. If appellant's failure to properly clean the radiators before applying the coat of aluminum bronze or if the aluminum bronze because of its imperfections or unsuitableness was the cause of the blisters appellant was responsible. Appellee was responsible only in the event the blisters were caused by lack of care and skill upon its part in applying the two coats of enamel.

The instructions complained of by appellant were more favorable to it than the facts of the cause authorized, because appellee was made answerable both for failure to apply the enamel in good and workmanlike manner and for imperfections of and defects in the enamel as well. The instructions fairly submitted the only theory upon which appellee could have been held responsible for the blistering of the radiator finish and the damage which ensued and more favorably to appellant than the facts authorized made appellee answerable for the damage resulting from the blistering of the finish if that was caused by reason of poor material contained in the enamel.

Perceiving no error in the judgment appealed from it will be affirmed.

Judgment affirmed.